WILLIAM M. FLEITMANN, JR., FREDERICK H. FLEITMANN, AND LIDA LOUISE BLOODGOOD, EXECUTORS OF THE ESTATE OF WILLIAM M. FLEITMANN, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28449.   Promulgated April 23, 1931.

*R. Kemp Slaughter*, *Esq.*, and *H. C. Bickford*, *Esq.*, for the petitioners.

*Bruce A. Low*, *Esq.*, and *L. H. Rushbrook*, *Esq.*, for the respondent.

OPINION.

TRUSSELL: The respondent contends that although the amount of $100,000 was deducted on the decedent's return as a bad. debt, the deduction is now claimed as a loss; that no evidence has been adduced to establish that the decedent was in the business of loaning money, and therefore the claimed deduction may not be allowed as a loss incurred in trade or business under section 214 (a) (4) of the Revenue Act of 1918; and, further, that the claimed deduction may not be allowed as a loss incurred in a transaction entered into for profit under section 214 (a) (5) of said act, for the reason that the risk was so hazardous, as compared with the possibility of a gain of 6 per cent interest, that the transaction was not entered into for profit, but constituted merely a generous advancement from a husband to his wife.

In 1918 a judgment in the amount of $218,664.44 was rendered against the decedent's wife for. moneys alleged to be due certain creditors of her brother's estate, of which she was executrix. She was advised to take an appeal and to do so required the filing of a bond in the amount of the judgment plus interest and costs. The surety company required collateral to the amount of the bond and she found it necessary to borrow a portion of the funds which she needed. On February 7, 1918, the decedent advanced to his wife the sum of $101,849.77, the major portion of which was evidenced by her note for $100,000, payable on demand to the order of the decedent and bearing interest at the rate of 6 per cent. Clearly, the total advancement was a loan and not a gift and the decedent's wife became indebted to him in the amount of $101,849.77. The marriage relationship of the parties was immaterial, for the laws of the State of New York recognize contracts and agreements between husband and wife as legal and binding on both parties. Section 51, chapter 19, of the Domestic Relations Law, 1909, of New York, provides:

A married woman has all the rights in respect to property, real or personal, and the acquisition, use, enjoyment and disposition thereof, and to make contracts in respect thereto with any person, including her husband, and to carry

on any business, trade, or occupation, and to exercise all rights in respect thereto and in respect to her contracts and be. liable on such contracts, as if she were unmarried * * *. All sums that may be recovered in actions or special proceedings by a married woman to recover damages to her person, estate or character shall be the separate property of the wife. Judgment for or against a married woman may be rendered, and enforced, in a court of record, or not of record, as if she was single * * *.

We are of the opinion that the record establishes that Lida M. Fleitmann became indebted to the decedent in 1918 in the amount of $101,849.77; that such debt became worthless in 1920 when she lost her entire assets and resources; that in the year 1920 the decedent charged off $100,000 as a bad debt; and further, we are of the opinion that the decedent was entitled to a deduction of $100,000 from his gross income for 1920, as a bad debt pursuant to section 214 (a) (7) of the Revenue Act of 1918.

*Judgment will be entered pursuant to Rule 50.*